IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

KATHERINE FLYNN,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )    No. 14-cv-2939-JDT-tmp
UNITED STATES EQUAL                 )
EMPLOYMENT OPPORTUNITY              )
COMMISSION and                      )
PATRICIA ALEXANDER,                 )
                                    )
        Defendants.                 )

_____

REPORT AND RECOMMENDATION
_____


On December 8, 2014, plaintiff Katherine Flynn filed a complaint against defendants the United States Equal Employment Opportunity Commission ("EEOC") and EEOC investigator Patricia Alexander, accompanied by an application to proceed *in forma pauperis*. (ECF Nos. 1, 2.) On December 16, 2014, the court granted Flynn's motion to proceed *in forma pauperis*. (ECF No. 5.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint and stating "a court cannot 'create a claim which [a plaintiff] has not

spelled out in his pleading'") (quoting <u>Clark v. Nat'l Travelers Life Ins. Co.</u>, 518 F.2d 1167, 1169 (6th Cir. 1975)); <u>Payne v. Sec'y of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating "[n]either this court nor the district court is required to create Payne's claim for her"); <u>cf.</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Flynn alleges that Alexander violated 42 U.S.C. § 1983 by failing to follow procedures in investigating Flynn's charge of discrimination filed with the EEOC against her employer. Flynn seeks monetary damages, a further review of her EEOC charge, an audit of Alexander's files, and removal of Alexander from her duties at the EEOC. (ECF No. 1 at 3.) To state a claim under § 1983, "a plaintiff must allege the violation of a right secured

by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." Hayes v. Shelby Cnty. Trustee, 971 F. Supp. 2d 717, 733 (W.D. Tenn. 2013) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)); see also Hines King v. Baptist Mem'l Hosp. Memphis, No. 13-3004-JDT-TMP, 2014 WL 223457, at *4 (W.D. Tenn. Jan. 21, 2014) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)) ("To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the 'Constitution and laws' of the United States (2) committed by a defendant acting under color of state law."). The EEOC is a federal agency, and therefore the EEOC employees who had investigated or allegedly failed to investigate Flynn's claims were not acting under color of state law. Therefore, Flynn's claims under § 1983 must be dismissed for failure to state a claim upon which relief can be granted. See Newsome v. Equal Emp't Opportunity Comm'n, No. Civ.A.3:97-CV-3172, 1998 WL 792502, at *3 (N.D. Tex. Nov. 5, 1998) (citing Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev., 980 F.2d 1043, 1050 (5th Cir. 1993); Broadway v. Block, 694 F.2d 979, 981 (5th Cir. 1982)).

Furthermore, no cause of action exists against the EEOC for the EEOC's alleged failure to investigate or process an employment discrimination charge. See Pugh v. Equal Emp't

Opportunity Comm'n, No. DKC 13-2862, 2014 WL 2964415, at *4 (D. Md. June 30, 2014) (citing Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997)); Simien v. Equal Emp't Opportunity Comm'n, No. 08-4978, 2009 WL 799982, at *2 (E.D. La. Mar. 24, 2009) (citing Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000); Wright v. Dominguez, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004); Smith, 119 F.3d at 34; Santos v. Tex. Workforce Comm'n, No. H-08-1869, 2008 WL 4155276, at *1 (S.D. Tex. Sept.9, 2008)); Sullivan v. Harvey, No. 0-cv-00838-LTB-CBS, 2007 WL 763211, at *4 (D. Colo. Mar. 9, 2007) (citing Scheerer v. Rose State Coll., 950 F.2d 661, 663 (10th Cir. 1991); Jordan, 205 F.3d at 342).

For the reasons above, it is recommended that Flynn's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 16, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A**

COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.